DAVID L. ANDERSON (CABN 149604)
United States Attorney

HALLIE HOFFMAN (CABN 210020)
Chief, Criminal Division

MICHAEL A. RODRIGUEZ (NYBN 4938262)
Assistant United States Attorney

    1301 Clay Street, Suite 340S
    Oakland, California 94612
    Telephone: (510) 637-3717
    FAX: (510) 637-3724
    Michael.Rodriguez@usdoj.gov

Attorneys for United States of America

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | CASE NO.: CR 20-300 HSG |
| Plaintiff, | [PROPOSED] ORDER DETAINING DEFENDANT |
| v. | |
| JAMES DAVID ALLEN II, | |
| Defendant. | |

**ORDER OF DETENTION PENDING TRIAL**

**I.    Procedural Background**

    On July 10, 2020, a criminal complaint was filed in the Northern District of California charging the defendant, James David Allen II, with violating Title 18, United States Code, Section 922(g)(1) – Felon in Possession of a Firearm and Ammunition. On July 13, 2020, Magistrate Judge Sallie Kim advised the defendant via telephone of the charge against him and the maximum penalties associated with that charge. Dkt. 2. Because the defendant refused to waive his personal appearance, Judge Kim requested a status hearing be held on July 15, 2020. *Id*. In a stipulation filed the next day, July 14, 2020, the parties requested that the July 15, 2020 status hearing be continued until July 22, 2020 because

the defendant was in quarantine at Santa Rita and defense counsel needed additional time to confer with the defendant on these issues. Dkt. 3. Judge Kim granted the parties' request and rescheduled the status hearing for July 22, 2020. Dkt. 4.

On July 22, 2020, a status hearing was held via videoconference before Judge Kim, and again the defendant refused to waive his personal appearance. Dkt. 6. Judge Kim found there was good cause under the Coronavirus Aid, Relief, and Economic Security (CARES) Act to continue the defendant's detention hearing. *Id*. A further status hearing was scheduled for July 29, 2020. *Id*.

On July 23, 2020, a grand jury sitting in the Northern District of California returned an indictment charging the defendant for being a felon in possession of a firearm and ammunition, in violation of Title 18, United States Code, Section 922(g)(1). Dkt. 7.

On July 29, 2020, the parties appeared before Judge Kim, and again the defendant refused to waive his personal appearance and requested to personally appear in court immediately. Dkt. 8. Defendant's counsel also requested that the defendant be released to a halfway house, but Judge Kim denied this request. *Id*. Judge Kim found that good cause existed for appearing via videoconference and noted on the record the public health safety concerns that prevented the defendant from appearing in person. *Id*. Judge Kim further found that the defendant's initial appearance had occurred that day, and at defense counsel's request she agreed to schedule the defendant's detention hearing for August 10, 2020. *Id*. She noted that defense counsel could request an advancement of the detention hearing if needed. *Id*. Arraignment was also scheduled for August 10, 2020. *Id*.

## II.     Detention

On August 10, 2020, the defendant was arraigned before the Court via videoconference and a detention hearing was held. Dkt. 9. The defendant again refused to waive his personal appearance. The Court explained that this refusal to consent to do the arraignment and detention hearing by videoconference put the Court in a difficult situation. As the Court explained on the record, it is not possible right now to conduct magistrate judge criminal duty matters in person at the Courthouse. In addition, General Order 72-5 provides that criminal proceedings before magistrate judges must be conducted by telephone or videoconference. Accordingly, the defendant's refusal to consent to telephone or videoconference left the Court with two options: First, the Court could opt not to proceed

at all with the arraignment or detention hearing. Second, the Court could conduct those proceedings remotely. The Court concluded that the first option was unconstitutional because it would violate due process for someone to remain in jail without a Court hearing and judicial determination that detention was appropriate. Accordingly, the Court concluded that where, as here, an in person hearing was impossible, due process required a remote hearing. Therefore, the Court proceeded with the arraignment and detention hearing by videoconference. *Id*. During the hearing, the defendant was represented by his attorney, Assistant Federal Public Defender Hanni Fakhoury. Pretrial Services submitted a Pre-Bail Report, which recommended detention, based on a conclusion that the defendant was a danger to the community and also posed a risk of non-appearance. The parties submitted proffers and arguments.

Upon consideration of the court file, the parties' proffers at the detention hearing, and the Pre-Bail Report prepared by Pretrial Services, the Court finds by clear and convincing evidence that no condition or combination of conditions will reasonably assure the safety of the community. The Court also finds that no condition or combination of conditions will reasonably assure defendant's appearance at future proceedings. Accordingly, the Court orders the defendant detained pending trial.

This Order supplements the Court's findings at the detention hearing and serves as written findings of fact and statement of reasons as required by Title 18, United States Code, Section 3142(i).

The Bail Reform Act of 1984 sets forth the factors the Court must consider in determining whether pretrial detention is warranted. In reaching its decision, the Court has considered those factors, including:

(1) the nature and circumstances of the offense charged;

(2) the weight of the evidence against the person;

(3) the history and characteristics of the person including, among other considerations, ties to the community, employment, past conduct and criminal history, and record of court appearances; and,

(4) the nature and seriousness of the danger to any person or the community that would be posed by the person's release.

*See* 18 U.S.C. § 3142(g).

After considering all of the facts and proffers presented at the hearing, including the information contained in the Pretrial Services report, the Court finds, by clear and convincing evidence, that no condition or combination of conditions will reasonably assure the safety of the community, including because of: (1) the defendant's criminal history, which includes multiple felony convictions, including one that was for a violent crime and two that involved firearms like the current charge does; (2) the fact that in a prior federal case, the defendant's supervised release was revoked twice; and (3) the defendant's two prior probation violations.

The Court also finds that, after considering all of the facts and proffers presented at the hearing, including the information contained in the Pretrial Services report, no condition or combination of conditions will reasonably assure the defendant's appearance at future proceedings, including because of: (1) the defendant's transient status and lack of stable living environment or employment; (2) the defendant's lack of any bail resources, including any sureties, co-signers or custodians; and (3) the defendant's repeated non-compliance with probation and supervised release conditions.

The Court has reviewed and considered the defense's request at the hearing that the defendant be placed at a halfway house or residential treatment facility, but finds that none of these proffered solutions, or any combination of conditions, will reasonably assure the safety of any other person and the community.

Accordingly, pursuant to 18 U.S.C. § 3142, IT IS HEREBY ORDERED THAT:

(1) the defendant is committed to the custody of the Attorney General for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal;

(2) the defendant be afforded reasonable opportunity for private consultation with his counsel; and,

(3) on order of a court of the United States or on request of an attorney for the government, the person in charge of the corrections facility in which the defendant is confined shall deliver the defendant to an authorized Deputy United States Marshal for the purpose of any appearance in connection with a court proceeding.

This Order is without prejudice to reconsideration at a later date if circumstances change.

1  IT IS SO ORDERED.

3  August  13 , 2020

_____
HON. THOMAS S. HIXSON
United States Magistrate Judge

5