DAVID L. ANDERSON (CABN 149604)
United States Attorney

HALLIE HOFFMAN (CABN 210020)
Chief, Criminal Division

MICHAEL A. RODRIGUEZ (NYBN 4938262)
Assistant United States Attorney

    1301 Clay Street, Suite 340S
    Oakland, California 94612
    Telephone: (510) 637-3717
    FAX: (510) 637-3724
    Michael.Rodriguez@usdoj.gov

Attorneys for United States of America

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | CASE NO. CR 20-300 HSG |
| Plaintiff, | UNITED STATES' STATEMENT AS TO THE PROCEDURAL HISTORY OF THE CASE AND SPEEDY TRIAL ACT CALCULATION |
| v. | |
| JAMES DAVID ALLEN II, | |
| Defendant. | |

During the parties' status hearing before the Court on September 21, 2020, the Court directed the government to file a statement regarding the procedural history of the case, including relevant dates necessary for calculating time under the Speedy Trial Act, 18 U.S.C. § 3161. The government respectfully submits this statement in accordance with the Court's instructions. As explained in more detail below, based on the government's calculations 28 days remain on the Speedy Trial clock as of the date of this filing.

**PROCEDURAL BACKGROUND**

On July 10, 2020, a criminal complaint was filed in the Northern District of California charging the defendant, James David Allen II, with violating Title 18, United States Code, Section 922(g)(1) –

Felon in Possession of a Firearm and Ammunition. Dkt. 1. Allen first appeared in federal court on July 13, 2020, where Magistrate Judge Sallie Kim advised Allen via videoconference of the charge against him and the maximum penalties associated with that charge. Dkt. 2. The government also moved for detention and a Pretrial Services report was requested. *Id*. Because Allen refused to waive his personal appearance and insisted on appearing in person rather than by videoconference, Judge Kim requested a status hearing be held on July 15, 2020. *Id*. In a stipulation filed the next day, July 14, 2020, the parties requested that the July 15, 2020 status hearing be continued until July 22, 2020 because Allen was currently in quarantine at Santa Rita and defense counsel needed additional time to confer with Allen on these issues. Dkt. 3. Judge Kim granted the parties' request and rescheduled the status hearing for July 22, 2020. Dkt. 4.

On July 22, 2020, a status hearing was held via videoconference before Judge Kim, and again Allen refused to waive his personal appearance. Dkt. 6. Judge Kim found there was good cause under the Coronavirus Aid, Relief, and Economic Security (CARES) Act to continue Allen's detention hearing. *Id*. A further status hearing was scheduled for July 29, 2020. *Id*.

On July 23, 2020, a grand jury sitting in the Northern District of California returned an indictment charging Allen for being a felon in possession of a firearm and ammunition, in violation of Title 18, United States Code, Section 922(g)(1). Dkt. 7.

On July 29, 2020, the parties appeared before Judge Kim, and again Allen refused to waive his personal appearance and requested to personally appear in court immediately. Dkt. 8. Allen's counsel also requested that Allen be released to a halfway house, but Judge Kim denied this request. *Id*. Judge Kim found that good cause existed for appearing via videoconference and noted on the record the public health safety concerns that prevented Allen from appearing in person. *Id*. Judge Kim further found that Allen's initial appearance had occurred that day, and at defense counsel's request she agreed to schedule Allen's detention hearing for August 10, 2020. *Id*. Arraignment was also scheduled for August 10, 2020. *Id*. Judge Kim noted on the record that defense counsel could request an advancement of the detention hearing if needed, but such a request was never made. *Id*.

On August 10, 2020, Allen was arraigned before Magistrate Judge Thomas S. Hixson via

GOV. STATEMENT AS TO PROCEDURAL HISTORY—No. CR 20-300 HSG

videoconference and a detention hearing was held.  Dkt. 9.  Allen again refused to waive his personal appearance, even though Judge Hixson advised him that, pursuant to General Order 72-5, it was not possible to conduct in-person magistrate judge criminal duty matters at that time.  Dkt. 11.  Judge Hixson found that due process required conducting a remote hearing.  *Id*.  Following Allen's arraignment, a detention hearing was held and Judge Hixson ordered Allen detained pending trial.  *Id*.

At the conclusion of the August 10, 2020 hearing, the government informed Judge Hixson that initial discovery had been provided to the defendant and we requested that time be excluded under the Speedy Trial Act.  Allen refused to agree to the government's request, and Judge Hixson did not exclude time under the Speedy Trial Act.

The government produced discovery to Allen on August 11, 2020.  On August 19, 2020, Allen requested additional discovery, and the government has informed defense counsel that these documents will be produced in unredacted form only after a protective order is entered.  To date, Allen has not yet indicated his position on the government's proposed protective order.

The government calculates that on October 19, 2020, 70 days will have elapsed since Allen's August 10, 2020 arraignment and detention hearing.  As of the date of this filing, 42 days[1] have elapsed on the Speedy Trial clock.

DATED:  September 21, 2020

Respectfully submitted,

DAVID L. ANDERSON
United States Attorney

_____
MICHAEL A. RODRIGUEZ
Assistant United States Attorney

---

[1] During the status hearing, undersigned counsel informed the Court that 43 days had elapsed. Upon further review, it appears that September 21, 2020 is the 42nd day.  Undersigned counsel regrets this error.

GOV. STATEMENT AS TO PROCEDURAL HISTORY—No. CR 20-300 HSG