DAVID L. ANDERSON (CABN 149604)
United States Attorney

HALLIE HOFFMAN (CABN 210020)
Chief, Criminal Division

MICHAEL A. RODRIGUEZ (NYBN 4938262)
NOAH STERN (CABN 297476)
Assistant United States Attorneys

    1301 Clay Street, Suite 340S
    Oakland, California 94612
    Telephone: (510) 637-3717
    FAX: (510) 637-3724
    Michael.Rodriguez@usdoj.gov
    Noah.Stern@usdoj.gov

Attorneys for United States of America

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) CASE NO. CR 20-300 HSG |
| Plaintiff, | ) <br> ) UNITED STATES' UNOPPOSED MOTION TO <br> ) SET BRIEFING SCHEDULE |
| v. | ) |
| JAMES DAVID ALLEN II, | ) |
| Defendant. | ) |

      During the parties' initial status hearing held on September 21, 2020, the Court scheduled a pretrial conference for October 5, 2020 and set trial for October 13, 2020. Dkt. 15. Counsel for the defendant, James David Allen II, informed the Court during the hearing that he intended to file a number of pretrial motions, including a motion to suppress that he expected to file within the next week. Ex. A (Hr'g Tr.) at 7:14-20. Allen's counsel acknowledged that the filing of a suppression motion would exclude time under the Speedy Trial Act. *Id*. at 7:14-19.

//

//

GOV. MOT. TO SET BRIEFING SCHEDULE—No. CR 20-300 HSG

1

On September 23, 2020, Allen filed a motion to suppress and requested an evidentiary hearing. Dkt. 20. The United States submits the following proposed briefing schedule for resolving Allen's suppression motion and his request for an evidentiary hearing:

| | |
|---|---|
| Government's Response: | Due by October 7, 2020 |
| Defendant's Reply: | Due by October 14, 2020 |
| Hearing on Motion (if necessary) | Date to be decided by Court |

Government counsel has discussed this proposed briefing schedule with Allen's counsel, who has represented that he takes no position on the government's motion.

DATED: September 23, 2020

Respectfully submitted,

DAVID L. ANDERSON
United States Attorney

/s/_____
MICHAEL A. RODRIGUEZ
NOAH STERN
Assistant United States Attorneys

GOV. MOT. TO SET BRIEFING SCHEDULE—No. CR 20-300 HSG

# **EXHIBIT A**

UNITED STATES DISTRICT COURT   **CERTIFIED COPY**

NORTHERN DISTRICT OF CALIFORNIA

Before The Honorable HAYWOOD S. GILLIAM, JR., Judge

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | **Status Conference** |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | NO. CR 20-00300 HSG |
| | ) | |
| JAMES DAVID ALLEN, | ) | Pages 1 - 14 |
| | ) | |
| Defendant. | ) | Oakland, California |
| _____ | ) | Monday, September 21, 2020 |

**REPORTER'S TRANSCRIPT OF ZOOM WEBINAR PROCEEDINGS**

**APPEARANCES (VIA ZOOM WEBINAR):**

```
For Plaintiff:          David L. Anderson, Esq.
                        United States Attorney
                        450 Golden Gate Avenue
                        San Francisco, California  94102
                   BY:  MICHAEL A. RODRIGUEZ,
                        Assistant United States Attorney

For Defendant:          STEVEN G. KALAR
                        Federal Public Defender
                        1301 Clay Street, Suite 1350N
                        Oakland, California  94612
                   BY:  HANNI M. FAKHOURY, ASSISTANT FEDERAL
                        PUBLIC DEFENDER


Reported By:            Raynee H. Mercado
                        CSR. No. 8258
```

Proceedings reported by electronic/mechanical stenography; transcript produced by computer-aided transcription.

*RAYNEE H. MERCADO, CSR, RMR, CRR, FCRR, CCRR (510) 565-7228*

```
 1    Monday, September 21, 2020                              1:33 p.m.
 2                        P R O C E E D I N G S
 3                           (Zoom webinar)
 4         THE CLERK:  Calling CR 20-300, the United States of
 5    America versus James David Allen.
 6       Please state your appearances for the record, please.
 7         MR. RODGRIGUEZ:  Good afternoon, Your Honor.  Michael
 8    Rodriguez for the United States.
 9         MR. FAKHOURY:  Good afternoon, Your Honor.  Hanni
10    Fakhoury of the Federal Public Defender's Office for James
11    David Allen, II.  He is present in the Santa Rita, jail, Your
12    Honor, appearing by video.
13       He has -- I should tell the court he has in the past not
14    consented to video appearance.  I'm unsure if he will consent
15    to a video appearance today, but traditionally he has not
16    consented to video appearance, but he is appearing by video
17    today.
18         THE COURT:  All right.  Good afternoon to both
19    counsel.
20       So, Mr. Allen, the proceeding is being conducted by video
21    today because under our court's general orders and the COVID
22    pandemic, it is not advisable or safe to bring folks into the
23    courtroom for in-person appearances except where absolutely
24    necessary.
25       Do you consent to the conduct of today's proceeding by
```

```
 1    video?
 2            THE DEFENDANT:  As of, like, Rule 51.1, I would say
 3    it's illegal so I just maintain my objection to it.
 4        However, today was the last allowable day for trial and
 5    I'm not transferred for trial, so I think the actual standing
 6    procedure would be that you have to dismiss or release me from
 7    custody, so --
 8            THE COURT:  All right.  And so I understand your --
 9    understand your position, and I do find that there's good
10    cause to conduct the status conference by video consistent
11    with the court's local rules.
12        What is the status?  This is our initial appearance,
13    Mr. Rodriguez.
14            MR. RODGRIGUEZ:  Thank you, Your Honor.  The status
15    is somewhat convoluted in part because Mr. Allen has
16    repeatedly refused to waive his personal appearance.
17        And just by way of background for Your Honor, there was a
18    criminal complaint that was filed in the Northern District on
19    July 10th.  Mr. Allen made his initial appearance before Judge
20    Kim on July 13th.  At that point, he refused to proceed via
21    video conference and demanded to come in person to court.
22        Given his position, Judge Kim scheduled a status hearing
23    for the 15th [sic] of July.  After talking with Mr. Fakhoury,
24    the parties agreed that we would push that date until
25    July 22nd.  July 22nd, we came back and appeared again before
```

1  Judge Kim, and once again, Mr. Allen refused to waive his
2  personal appearance.
3     And I should note, Your Honor, the government moved for
4  detention on July 13th -- or at least we informed Judge Kim
5  that we wanted to do that.  We came back on July 29th, Your
6  Honor, again before Judge Kim.  And again, Mr. Allen refused
7  to waive his personal appearance.
8     Finally, on August 10th, we appeared before Judge Hixson
9  for a detention hearing and formal arraignment.  And again,
10 the defendant refused to waive his personal appearance, but he
11 objected, and Judge Hixson overruled that objection.  Those
12 findings are contained in the detention order as well as the
13 minute order.
14    We are here right now because it's our first status
15 conference as [sic] hearing, Your Honor.  We have provided
16 discovery that was in early August to defense counsel.
17    In late August, Mr. Fakhoury requested additional
18 discovery, which we are in the process of obtaining and have
19 already obtained.  I think, you know, the -- all of it if not
20 all.
21    There are a couple of outstanding issues.  The first one
22 is that a few weeks ago I provided to Mr. Fakhoury, a proposed
23 protective order.  And, you know, we'd would like to have that
24 in place before we issue unredacted versions of some of these
25 documents due to potential witness safety issues as well as

1   PII.
2       The other issue, Your Honor, is that the Speedy Trial
3   clock has been running since August 10th.  We moved in front
4   of the Judge Hixson on that date for an exclusion of time, and
5   the defendant refused to grant that exclusion, so by my
6   calculation, 43 days have lapsed, and 27 days remain on the
7   calendar.  And so that's just a little bit of background on
8   that.
9       And then finally, Your Honor, I want to call attention to
10  an issue that is concerning for me.  I have serious questions
11  about the defendant's competency, not just because of his
12  behavior during the -- the four previously mentioned
13  appearances including during the detention hearing where when
14  I was giving my proffer, the defendant repeatedly made
15  confusing and very interesting signals with his hands
16  throughout that proffer.
17      Also because at the time of his arrest, he claimed that he
18  was the last royal Monarch of Italy and that he had diplomatic
19  immunity.  He told the Pretrial Services officer that his
20  position for the past year has been a chief -- has been the
21  chief financial officer of the stock market.
22      And he also claims that he has $13 trillion in certain
23  accounts, but those accounts are frozen.  So there are a
24  number of interesting issues that are -- are sort of novel on
25  my end.  But that's where the case stands as of today, Your

1  Honor.

2  **THE COURT:** All right.  Well, what do you propose?

3  **MR. RODGRIGUEZ:** Well, Your Honor, I propose a few
4  things.  One, with regard to competency, I have raised this
5  issue with Mr. Fakhoury.  I understand that maybe in the
6  beginning, he might have had concerns.  My understanding now
7  is that those concerns have diminished, and that he feels
8  comfortable proceeding.  I do not, and I know have separate
9  duty, so I would move for a competency evaluation, Your Honor,
10  at this time.

11    I would also ask Mr. Fakhoury's opinion on the protective
12  order and whether or not we can agree to that.  And if so, we
13  would produce the -- the remaining batch of discovery.  And
14  I'd like to come back, I guess -- you know, as soon as we can,
15  figure out the next step in the competency evaluation process.

16    But that would be my proposal, Your Honor.

17  **THE COURT:** All right.  Mr. Fakhoury?

18  **MR. FAKHOURY:** Thank you, Your Honor.

19    Let me just start with the competency issue.  I do not
20  share concerns about Mr. Allen's competency.  I believe that
21  he is capable of understanding the nature and circumstances of
22  the offense.  And I believe he can assist in his defense so
23  I -- I am not requesting a competency evaluation.  And I would
24  object to any competency evaluation made by the government.
25  And I understand its -- its concerns, but I don't share them.

1       With regards to the protective order, I did make a request
2  for discovery.  Part of the discovery that I did request was a
3  request that certain information be unredacted.  Mr. Rodriguez
4  responded that that would require a protective order.  He sent
5  me a proposed protective order, which I have yet to discuss
6  with Mr. Allen.  I have not signed any protective order or
7  committed to agreeing to any protective order.  I felt that it
8  was something I needed to review with Mr. Allen, and I
9  haven't -- I have not had a chance to do that yet.
10      In terms of what we should do going forward, there's a
11 little bit of a conflict in the sense that Mr. Allen wants a
12 speedy trial, and I'm sure the court's already heard his view
13 on that point.
14      At the same time, there are also a number of pretrial
15 motions that I do believe Mr. Allen would like to raise.
16 What -- I think the most pressing one would be a motion to
17 suppress, which I do have a draft.  I would say that's about
18 95 percent complete.  We could put that on file relatively
19 quickly, perhaps within the next week.  And obviously, that
20 would exclude time if the motion is filed.
21      I would also imagine if we did set a trial date, there
22 would be a number of motions in limine that I would file, as
23 well as I think there's going to be some, you know, typical
24 pretrial kind of litigation.
25      So that's generally how I see things.

1              And in terms of the Speedy Trial clock, again I --
2                      (Simultaneous colloquy.)
3              **MR. FAKHOURY:**  Hold on, Mr. Allen.  I'm talking now.
4      Hold on.
5          What I would -- what I would say is -- I would just
6      generally point out that notwithstanding the pandemic and the
7      general orders issued by the court, there is no blanket
8      exclusion that's been entered into, nor has there been any
9      time excluded for sure since August 10th when we appeared
10     before Judge Hixson, but I would argue that maybe the clock
11     has -- has run a little sooner.
12         Mr. Allen is counting 70 days from the day of his
13     arrest -- or from the day of his initial appearance, rather,
14     which is July 13th, and today is the 70th day if you count
15     from there.  If you count from the indictment date 70 -- 70
16     days and the 70th day is October 1st, and that's assume no
17     time has been excluded.  So for sure no time has been excluded
18     since August 10th.
19         And so he does want a speedy trial in person.  But we also
20     have pretrial motions, which I understand will -- will toll
21     the Speedy Trial clock.  And so I'm happy to put those -- to
22     file those motions within the week.  Perhaps I -- we could set
23     a deadline of any motions that I intend to file by next
24     Monday, which would be the 28th of September.  And then how
25     that affects the Speedy Trial calculation, you know, we could

1    take it as it comes.
2        But that's sort of my -- my view on how this case is --
3    and, again, I would object to any competency evaluation.
4        **THE DEFENDANT:**  And -- and -- and, again, based off
5    Rule 3161, it's at the time of arrest or your initial
6    appearance is when you're Speedy Trial clock starts.  My
7    initial experience was the 13th of July, so that was the start
8    of my Speedy Trial date.
9        That's -- I mean, whether -- whether you want to argue
10   that it's the 27th or the 23rd -- the 23rd is only ten days
11   after that.  That would mean that my Speedy Trial date would
12   be in ten days, right, August -- October 1st.
13       But that's not the case, because I was actually -- the
14   initial appearance and everything's been overruled, so it
15   stands that my initial appearance was July 20 -- or July 13th.
16   That's the date by law that my Speedy Trial starts.  Today's
17   the 70th day.
18       And Rule 3174 states that even in the state of an
19   emergency, there's no excludable time for that if I'm only
20   being detained to go to trial.  And that's law.
21       There's been no -- nothing that overrules that.  And so --
22       **THE COURT:**  Mr. Allen, I understand what you're
23   saying.  Your lawyer can make a motion to dismiss the charge.
24       **THE DEFENDANT:**  And I can't --
25       **THE COURT:**  No.  We -- no.  I'm not dismissing the

```
 1    charge today.
 2              THE DEFENDANT:  I -- Well, on what grounds is that?
 3              THE COURT:  Here's how we're going to proceed.  If
 4    there -- if we proceed on the assumption that there are 27
 5    days left on the Speedy Trial clock, Madam Clerk, what date is
 6    that?
 7              THE CLERK:  October 18th, Your Honor.
 8              THE DEFENDANT:  And if there's only ten?
 9              THE COURT:  Mr. Allen, I'm not having a conversation
10    with you.  You can discuss your defense with your lawyer.  I'm
11    in control of the proceeding, all right?  You can make all the
12    arguments that you have, and there's a time to do that.  This
13    isn't the time.
14              THE DEFENDANT:  All right.  Okay.
15              THE COURT:  All right.
16        I think we should set a trial date.
17              THE DEFENDANT:  I --
18              THE COURT:  And if the -- if the defense needs --
19    we're not going to have a catch-22 situation here.  We're not
20    going to get caught in between demanding a Speedy Trial and
21    then wanting time for the motions.
22        If -- I believe we should set a trial.
23        What is that Monday, Madam Clerk, that's within that time
24    that we just talked about?
25              THE CLERK:  I said the 18th, so it would have to be
```

```
 1   October 12th.  The 18th, Your Honor, is a Sunday so --
 2           THE COURT:  All right.
 3           THE CLERK:  -- the Monday would be October 12th.
 4           THE COURT:  All right.  And I assume this is --
 5           THE CLERK:  Oh --
 6                  (Simultaneous colloquy.)
 7           THE CLERK:  And I'm sorry.
 8           THE COURT:  -- one- to two-day trial?
 9           THE CLERK:  Judge, I'm sorry.  And the 12th is
10   actually Columbus Day so it would need to be Tuesday the 13th.
11           THE COURT:  All right.  We'll set the matter for a
12   jury trial on October 13th.  And assume that --
13                  (Simultaneous colloquy.)
14           THE COURT:  -- this is a one- or two-day trial?
15           MR. RODGRIGUEZ:  I would say two days at the most,
16   Your Honor.
17           THE COURT:  All right. We'll set it for that date.
18      Now, as to the Speedy Trial issue, Mr. Rodriguez, I think
19   it would be helpful for you to file something documenting all
20   the -- whatever -- all that you just laid out --
21           MR. RODGRIGUEZ:  Sure.
22           THE COURT:  -- for me --
23           MR. RODGRIGUEZ:  Okay.
24           THE COURT:  -- so that that's in the record.
25      How long do you need to file that?
```

```
 1                MR. RODGRIGUEZ:  Okay.  How long do I need?  I can
 2   file it by later today, by tonight.
 3                THE COURT:  All right.  Why don't you do that.
 4                THE DEFENDANT:  And so that motions deadline --
 5                      (Simultaneous colloquy.)
 6                THE DEFENDANT:  -- trial date?  So we'd have pretrial
 7   motions prior to trial without excluding time, right?
 8                MR. RODGRIGUEZ:  Your Honor, and if I could just get
 9   some clarity on the -- that particular -- was this -- my
10   thought, this would be a motion to exclude time under an ends
11   of justice exception and -- sort of laying out what happened
12   and a proposed order reflecting the same.
13                THE COURT:  Well, I think what you -- you should
14   reflect what the state of the record is.  I think that's more
15   what I was envisioning.  I don't know that it's a motion.
16                MR. RODGRIGUEZ:  Okay.  Okay.
17                THE COURT:  All right.  With regard to the competency
18   issue, I'll defer that.  We may need to take that up at some
19   point, but think is the most important piece of this is to get
20   the trial date set.
21       Then what I would suggest is a pretrial hearing a week
22   before.
23       What date is that, Madam Clerk?
24                THE CLERK:  Give me one second, Your Honor.  I'm
25   sorry.  I have to move back and forth between screens.
```

```
 1            So we set it for October 3rd, so we'll set the pretrial
 2   for -- I'm sorry -- for Monday October 5th at 2:00 p.m.
 3            THE COURT:  All right.  Pretrial conference Monday
 4   October 5th at 2:00 o'clock.
 5            MR. RODGRIGUEZ:  Okay.
 6       Your Honor, just so you're aware, I'm going to talk to my
 7   supervisors about this, but I anticipate we will be filing a
 8   motion for competency or competency evaluation for the
 9   defendant.
10            THE COURT:  I would suggest that's a good idea.
11       And then if that is filed, Mr. Fakhoury, you'll have a
12   week to respond.  And then I'll make a ruling on the notion.
13            MR. FAKHOURY:  Understood, Your Honor.
14       And with regards to any motion to suppress Mr. Allen
15   intends to file, when would you like that filed?  Like I said,
16   I think I can have that filed -- I was hoping for next Monday,
17   but I think I can have that filed this week, whatever date the
18   court wants.
19            THE COURT:  The sooner you can file it, the better.
20            MR. FAKHOURY:  I will -- understood.
21            THE COURT:  As long as it is prepared to the standard
22   that you obviously need to adhere to in terms of our
23   professional duty, but as late as Monday is fine.  And if it's
24   sooner, then that would be fine also.
25            MR. FAKHOURY:  Will do.  Thank you, Your Honor.
```

1   **THE COURT:**  All right.
2   All right.  We'll -- we'll adjourn.
3   **MR. FAKHOURY:**  Thank you, Your Honor.
4   **MR. RODGRIGUEZ:**  Thank you, Your Honor.
5   **THE DEFENDANT:**  I'll call you, Hanni.
6   **MR. FAKHOURY:**  Okay.  Thank you.
7   (Proceedings were concluded at 1:49 P.M.)
8   --o0o--

**CERTIFICATE OF REPORTER**

I certify that the foregoing is a correct transcript from the record of proceedings in the above-entitled matter. I further certify that I am neither counsel for, related to, nor employed by any of the parties to the action in which this hearing was taken, and further that I am not financially nor otherwise interested in the outcome of the action.

_____
Raynee H. Mercado, CSR, RMR, CRR, FCRR, CCRR
Tuesday, September 22, 2020